## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,               CASE NO. 2:17-cr-20683

v.                           HONORABLE DENISE PAGE HOOD

D-3 VERONICA SHARP,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE AND APPOINTMENT OF COUNSEL [ECF No. 159, 160]

### I.   Introduction

On October 2, 2020, the Court issued an Order denying Defendant's Emergency Motion for Immediate Release [ECF No. 154] because Defendant had failed to exhaust her administrative remedies. In that Order, the Court also expressly stated that it was denying motion because Defendant did not did not set forth any "extraordinary and compelling reasons." *Id.* at PageID.2595-97.

On or about December 29, 2020, Defendant's Motion for Compassionate Release [ECF No. 159] and a Motion for Appointment of Counsel [ECF No. 160] were placed in the U.S. Mail. The Court did not receive the Motions for Compassionate Release and Appointment of Counsel until February 18, 2021, and

they were filed by the Court on February 23, 2021.

## II.     Background

The Court set forth the relevant facts and procedural history regarding Defendant in its October 2, 2020 Order. [ECF No. 154] The Court incorporates and relies upon, without recitation, that background for purposes of deciding Defendant's pending motions.

In her current motions, Defendant states that she was "diagnosed as asymptomatic for Corona[virus]" on December 15, 2020, though she was not actually tested for Covid-19 until December 23, 2020 [ECF No. 159, PageID.2619, 2621] Defendant cites as bases for her compassionate release: (1) that she tested positive for Covid-19; (2) the existence and continued threat of Covid-19 spreading at FCI-Hazelton; (3) the failure of the BOP to ensure/allow her and other inmate workers to wear proper masks while performing their jobs; and (4) the failure of Hazelton FCI to provide cleaning supplies or medical attention to inmates or to allow showers for over six days in certain units.  Defendant seeks release so that she can obtain proper medical attention and treatment (presumably for Covid-19, as no other medical condition is noted).

## III.     Analysis

A court may reduce a term of imprisonment if it determines "extraordinary and

2

compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).  A court also must weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*   Although this Court and many others previously believed that U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) constituted the "applicable policy statement[]" with which courts must comply under 18 U.S.C. § 3582(c)(1)(A), the Sixth Circuit recently established that Section 1B1.13 is not applicable, nor is it to be considered by the Court, when determining whether there are extraordinary and compelling reasons warranting a reduction in sentence. *See, e.g., United States v. Hampton*, 985 F.3d 530 (6th Cir. 2021); *see also United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreprovable harm or injustice would result if the relief is not granted." *See United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3

(E.D. Mich. Jan. 31, 2020) (citations removed).

The Court first finds that Defendant seemingly has still failed to exhaust her remedies. As the Court explained in the October 2, 2020 Order, it does not have jurisdiction (authority) to consider Defendant's motion for compassionate release if she has not requested the warden of Hazelton FCI (and been denied release or not received an answer within 30 days). Despite that ruling and explanation, Defendant once again has not alleged or presented evidence that she exhausted her administrative appeals within the BOP or that she waited thirty days after submitting a compassionate release request to the warden of her detainment facility before filing her motion, as the plain text of 18 U.S.C. § 3582(c)(1)(A) provides. As Defendant has not satisfied § 3582(c)(1)(A)'s mandatory exhaustion requirement, her claim is not ripe because a district court cannot excuse a defendant's failure to satisfy the 30 day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A). *United States v. Waseem Alam*, 960 F.3d 831, 832 (6th Cir. 2020). *See also Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."). For this reason alone, the Court must deny Defendant's Motion for Compassionate Release and her Motion for Appointment of Counsel. The Court, however, also denies Defendant's motions for the reasons set forth below.

In its October 2, 2020 Order, the Court stated:

> The Court also finds that Defendant does not fall into any of the "extraordinary and compelling reasons" categories. She is young (42 years old) and has not identified any underlying health conditions. It is not the Court's role to speculate as to whether Defendant: (a) has a sufficiently serious medical condition that puts her at risk during the Covid-19 pandemic; or (b) if there are any other extraordinary or compelling reasons for her release. And, it is widely recognized that the Covid-19 pandemic does not, in itself, qualify as the type of inmate-specific reason permitting compassionate release. *See, e.g., United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). As the *Raia* court stated, "the mere existence of Covid-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Id*.[]

> For the reasons set forth above, the Court concludes that nothing in the statute or U.S.S.G. § 1B1.13 supports the interpretation of § 3582(c)(1)(A) that Defendant seeks from this Court. *See Raia*, 954 F.3d at 597. The Court finds that Defendant's circumstances are not "extraordinary and compelling," 18 U.S.C. § 3582(c)(1)(A), and immediate release of Defendant is not warranted. Accordingly, the Court also denies the Motion on this substantive basis.

[ECF No. 154, PageID.2595-96]

Defendant is serving a 60-month sentence for a carjacking conspiracy, and she is incarcerated at FCI Hazelton in West Virginia with approximately 26 months remaining until her projected release date. Defendant has not identified – and the medical records provided by the Bureau of Prisons in July 2020 do not reveal – any underlying medical conditions that would make her vulnerable to a risk of severe

illness in the event of contracting Covid-19, which she claims to have contracted shortly before filing her most recent Motion for Compassionate Release.

Defendant asserts that FCI Hazelton's failure to test or treat her for Covid-19 poses (has posed) a threat to her health and her life, as she has included in her recent Motion for Compassionate Release that there have been positive cases at FCI Hazelton, including hers.  In reviewing the BOP website, the Court notes that, as of February 25, 2021, there were two positive inmates and four positive staff members. *See* https://www.bop.gov/coronavirus/ (last visited February 25, 2021).

Based on Defendant's age and lack of any underlying health condition or any other basis than the existence of Covid-19 generally, the Court concludes that she has not established an extraordinary or compelling reason for granting her motion for compassionate release.  As Defendant has not indicated an underlying health condition or other extraordinary and compelling reason for release, the Court finds that the appointment of counsel would not assist Defendant or the Court in determining whether Defendant has an extraordinary and compelling basis for release.

The Court also finds that a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) weighs against granting her motion for compassionate release. As set forth in the October 2, 2020 Order, Defendant instigated a criminal conspiracy by which she would target patrons at a casino, notify her co-defendants of the targeted patrons, and after the targeted patrons left the casino, her co-defendants then would

bump the targeted patrons' automobile on the highway in a simulated traffic accident. Defendant knew and understood that her co-defendants, instead of exchanging insurance information when they approached the driver of the automobile they bumped, would rob the targeted patrons at gunpoint. The Court notes that Defendant's criminal activity did not cease when she voluntarily left that violent conspiracy, as she was arrested and charged with felony counterfeiting only months later. For these reasons, the Court concludes: (a) releasing Defendant would present a serious risk of danger to the community; and (b) that risk greatly outweighs the minimal basis that Defendant has proffered for compassionate release.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release [ECF No. 159] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel [ECF No. 160] is DENIED.

IT IS ORDERED.

                          s/Denise Page Hood
                          DENISE PAGE HOOD
Dated: February 26, 2021          UNITED STATES DISTRICT JUDGE